Charles D. Naylor, Esq., (SBN 62243)
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore Drive, Suite 350
Long Beach, California 90802
Telephone: (310) 514-1200
Facsimile:  (310) 514-1837
E-Mail:     cnaylor@naylorlaw.com

In Association with:

Aksana M. Coone, Esq. (SBN 190125)
LAW OFFICES OF AKSANA M. COONE
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: (310) 556-9650
Facsimile:  (310) 954-9008
E-Mail:     aksana@coonelaw.com

Attorneys for Plaintiff,
JANET WAGNER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET WAGNER,<br><br>          Plaintiff,<br><br>     v.<br><br>PRINCESS CRUISE LINES, LTD.,<br><br>          Defendant. | Case No.: 2:19-cv-05203<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the plaintiff, JANET WAGNER, (hereinafter "Plaintiff") and for a cause of action against defendant complains and alleges as follows:

1

## JURISDICTION & VENUE

1.      This is an action seeking damages in excess of $75,000, exclusive of interest, costs, and attorney's fees between citizens of different States. Federal subject matter jurisdiction arises under and is by virtue of diversity citizenship pursuant to 28 U.S.C. § 1332.

2.      Venue is proper in this District pursuant to 28 U.S.C § 1391(b) because Defendant PRINCESS CRUISE LINES, LTD. is a foreign corporation with its principal place of business in Los Angeles County, California and based on the forum selection clause included in the terms of Defendant's passage contract requiring that all disputes "shall be litigated before the United States District Courts for the Central District of California in Los Angeles."

## GENERAL ALLEGATIONS

3.      At all times herein material defendant PRINCESS CRUISE LINES, LTD., (hereinafter "Defendant") was and is a corporation, with its principal place of business in the State of California, the County of Los Angeles, and this judicial district.

4.      At all times herein material, Plaintiff was and is a resident of the State of Nevada.

5.      At all times herein material, Defendant owned, operated, maintained, controlled, and inspected the STAR PRINCESS (hereinafter "vessel"), a foreign flag passenger cruise vessel which Defendant utilized to transport fare-paying passengers on cruises on navigable waters of the United States and on the high seas.

6.      Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard the vessel with a scheduled departure from Los Angeles, California on October 5, 2018, and scheduled disembarkation in Los Angeles, California on October 13, 2018.

7.      On October 10, 2018, Plaintiff was aboard the vessel as a fare paying passenger, and in the Capri Dining Room when she attempted to exit the restaurant through the crowded exit area and inadvertently stepped off a single step down, of which she was unaware, at the exit from her dining area in the restaurant.  The dining area of the Capri

Dining Room had a single step leading from the upper sitting area to the lower exit area. This change of elevation was the product of an uncommon and/or inappropriate design and/or mode of construction which –alone or together with accompanying circumstances, and particularly when viewed from Plaintiff's point of view – provided inadequate information to oncoming individuals that there is a step change in elevation, and created, instead, a hidden danger that a prudent passenger would not anticipate, namely a disguised condition that no change of elevation existed; and thus transformed the area into an inherently dangerous condition.

8. The conditions and circumstances in the Capri Dining Room that disguised the presence of the dangerous single step were caused by the various acts and omissions of Defendant, including without limitation, Defendant failing to provide adequate warning and/or signage of the change in elevation, allowing distractions and crowds to form due to the diners and servers walking about without properly directing and organizing the area, as well as, leaving the area dimly lit making it harder to discern the change in elevation in the single step.

9. As Plaintiff approached the change in elevation under the conditions and circumstances described above and encountered the unexpected drop off the floor at the single step that she could not see, she was caused to lose her walking stability and to fall and suffer severe injuries.

10. As a direct and legal result of the incident alleged herein, Plaintiff was hurt and injured in her health, strength, and activity, sustaining severe physical injury to her body, including but not limited to the fracture of her left fibula requiring an open reduction and internal fixation surgery, shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain, and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

11.     As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment.  Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary and for an indefinite time in the future.  The cost of medical and/or psychological care and treatment is not known at this time and Plaintiff alleges as damages herein the amount of such cost according to proof at trial.

**FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**(Negligence-General Maritime Law)**

12.     Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 11, inclusive, of the Jurisdiction, Venue, and General Allegations of this Complaint as though the same were fully set forth.

13.     As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

14.     On or about the above-mentioned date, Defendant breached their duty of care to Plaintiff, and as part of a continuous course of conduct, so negligently owned, operated, maintained, controlled, supervised and inspected the vessel, its gear and equipment, and the areas of the Capri Dining Room aboard its vessel in a dangerous, unsafe, and defective condition, and negligently:

    a.   failed to provide a safe place for passengers to walk;

    b.   failed to provide a safe step area;

    c.   failed to design and/or construct a reasonably safe step area;

    d.   required, approved, and/or instructed the unsafe single step to so be designed and/or constructed at the Capri Dining Room;

    e.   failed to inspect the step area for safety purposes;

f. failed to adequately warn Plaintiff of the dangerous and hazardous condition of the single step and unexpected drop-down Plaintiff encountered in the Capri Dining Room;

g. inadequately marked the single step to apprise passengers of a change in elevation under the circumstances and conditions then and there existing;

h. allowed the dangerous condition to exist and not correcting the condition;

i. failed to repair or modify the step area;

j. failed to properly and reasonably monitor the area;

k. failed to maintain the area in a safe and reasonable manner;

l. allowed a change of elevation which was the product of an uncommon and/or inappropriate design and/or mode of construction to exist and which – alone or together with accompanying circumstances, and particularly when viewed from Plaintiff's vantage point – provided inadequate information to oncoming individuals that there is a step change in elevation, and created, instead, a hidden danger that a prudent passenger would not anticipate, and thus transformed the area into an inherently dangerous condition;

m. created the lighting condition in the Capri Dining Room and allowed the area to be dimly lit during dining hours and while it was crowded with guests.

n. allowed the level change to be located where passengers' focus would be distracted;

o. failed to investigate and ascertain the cause of prior similar accidents so as to take measures to prevent their reoccurrence and/or eliminate the hazards, and more particularly Plaintiff's accident and subsequent injury;

p. failed to take any means or precautions for the safety of Plaintiff under the circumstances, then and there existing;

q. failed to properly train, instruct and supervise employees to properly maintain, inspect the step and warn of its dangers;

r. failed to promulgate and/or enforce adequate polices and/or procedures so as to maintain reasonably safe conditions in the Capri Dining Room;

s. failed to promulgate and/or enforce adequate polices and/or procedures for its employees to properly warn of dangers;

t. allowed crowds to form and failed to properly manage crowds and/or implement crowd control measures; and

u. in other manners expected to be discovered during the course of ongoing investigation and discovery, all of which caused Plaintiff to fall and sustain serious personal injuries.

15. Defendant had exclusive control of the vessel.

16. Defendant knew of and/or created the foregoing dangerous and unsafe conditions that caused Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care and proper inspection and maintenance, knew of them or should have learned of them and corrected them and/or warned Plaintiff of them. Insofar as it relates to conditions that Defendant did not create, if any, Defendant's knowledge was or should have been acquired through prior incidents or from its maintenance and inspections of the area where the accident happened.

17. As a direct and legal result of Defendant's breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

## PRAYER

WHEREFORE, Plaintiff prays for damages against Defendant, as follows:

1. For general damages in excess of $75,000.00 and according to proof;
2. For medical expenses, past and future, according to proof;
3. For prejudgment interest;
4. For costs of suit; and
5. For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff, JANET WAGNER, hereby demands trial by jury of the above-captioned matter.

                                              LAW OFFICES OF
                                              AKSANA M. COONE

                                              LAW OFFICES OF
                                              CHARLES D. NAYLOR

Dated: 6/14/2019                      By:   */s/ Aksana M. Coone*
                                                  Aksana M. Coone, Esq.
                                                  Charles D. Naylor, Esq.
                                                  Attorneys for Plaintiff,
                                                  JANET WAGNER